Opinion of the Court.
THIS was a proceeding by traverse, under the law regulating writs of forcible entry and detainer. The defendant in this court was plaintiff in the warrant brought for a forcible entry and detainer, and after the jury in the country had found the present plaintiffs, who were defendants in the warrant, guilty of the forcible entry and detainer charged against them, they brought the case to the circuit court, by a traverse. An issue was taken to the traverse, and a verdict returned by the jury against the present plaintiffs. A motion was made for a new trial; but it was overruled by the court, and judgment of restitution awarded against the plaintiffs.
The case turns, in this court, on the correctness of the decision of the court in overruling the motion for a new trial. We apprehend there can be no serious difficulty in sustaining the decision of the court. The only grounds relied on for a new trial, are those of the verdict being against law and evidence; but, on adverting to the evidence contained in the record, it will be apparent, that neither of those grounds can justify the interference of the court with the verdict. The proof is clear, that the plaintiff in the warrant had been in actual possession of the land in contest before the forcible entry complained of was committed; and although he was not in fact on the land when the *226 defendants entered, it is evident, that, so far from abandoning the possession which he had previously acquired, he still retained that possession ; for it is not only in proof, that, after putting a plough, a bedquilt and some other articles of property in the house, he locked it, for the purpose of evidencing to the world his intention of holding the possession ; but, as a further indication of his intention to continue his possession, he seems to have actually contracted with a tenant to live on the land; and that, before the tenant received the possession, the entry was made by the defendants, without his assent and against his will. It is true, but one of the defendants was living on the land at the time the warrant was issued by the justice of the peace; but that circumstance cannot preclude the plaintiff from his right to recover against all; for all appear to have been engaged in making the entry, against the will of the plaintiff, and the defendant who was living on the land, appears to have entered as the tenant of the other defendants. The defendants must all, therefore, be considered principals in the injury complained of by the plaintiff, and all should be made equally liable to his proceedings for restitution.
The judgment must, therefore, be affirmed with costs.